# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-511-RJC

| | |
|---|---|
| **THERON PRESTON WASHINGTON,** ) | |
| People of the United States, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **BARACK OBAMA,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), and on a review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. §§ 1915; 1915A.

Plaintiff is currently a prisoner incarcerated in Butner Federal Correctional Institution, in North Carolina. Plaintiff filed this action on August 15, 2012, naming as the sole Defendant the President of the United States Barack Obama. (Doc. No. 1). Plaintiff alleges that he is

> filing this Complaint on behalf of the United States public and the United States itself (as person), my complaint is that the chief executive officer Barack Hussein Obama took oath while he was a noble and claiming nobility from Somalia. In the . . . United States Constitution Article I Section 9 and 10 it states (9, first stating "No title of nobility shall be granted by the United States; and no person holding any office or profit or trust under them, shall, without the consent of Congress accept of any present, emolument, office, or title, of any kind whatever, from any king, prince, or foreign state.)" and Section 10 to be brief . . . "No state shall enter into or create obligations, contracts or grant any title of nobility."
>
> My final complaint is that the president is not supposed to be in the oval office or performing any executive duties, and should be ousted due to security breach of the American government, and request this to be a case heard by the people of this state and country immediately. Also, I am requesting a federal attorney and investigation.

(Doc. No. 1 at 4-5). As his requested relief, Plaintiff seeks a "complete investigation of government

attorneys from 'JAG' and regular federal authorities also replacement of current chief executive officer before election." (Doc. No. 1 at 4).

The Court first considers Plaintiff's application to proceed in forma pauperis. The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In another action filed by Plaintiff in this Court, the Court noted that five of Plaintiff's previous civil rights complaints were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. See (Washington v. Butner Fed. Corr. Inst., 3:11cv620, Doc. No. 3 at 4 n.2). Plaintiff is, therefore, subject to § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff's Complaint fails to demonstrate that he is under imminent danger of serious physical injury as required by § 1915(g). The Court will, therefore, deny Plaintiff's application to proceed in forma pauperis.

The Court must screen Plaintiff's case pursuant to 28 U.S.C. § 1915A and dismiss sua sponte if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989). Plaintiff's case must be dismissed as frivolous because it is based on clearly baseless factual contentions.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), is **DENIED**;

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice; and

3. The Clerk is directed to terminate this case.

Signed: August 21, 2012

Robert J. Conrad, Jr.
Chief United States District Judge